**Rogelio Miguel KING–LIPSITT,
Petitioner,**

v.

**Michael B. MUKASEY, United States
Attorney General, Respondent.**

No. 07–3598–ag.

United States Court of Appeals,
Second Circuit.

Oct. 7, 2008.

Okechukwu Valentine Nnebe, Nnebe & Nnebe, Brooklyn, N.Y., for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, James E. Grimes, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB and Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Petitioner Rogelio Miguel King–Lipsitt, a native and citizen of Panama, seeks review of a July 24, 2007, 2007 WL 2463890, order of the BIA denying his June 22, 2007 motion to "reopen and/or reconsider." The former Immigration and Naturalization Service ("INS") alleged that Petitioner was deportable under 8 U.S.C. § 1251(a)(1)(B) (repealed 1996) as an alien present in the United States in violation of the law, under 8 U.S.C. § 1251(a)(2)(B)(i) (repealed 1996) as an alien who had been convicted of a controlled substance offense, and under 8 U.S.C. § 1251(a)(2)(A)(iii) (repealed 1996) as an alien who had been

convicted of an aggravated felony. Petitioner conceded deportability, but argued that he had been continuously present in the United States for a sufficient period of time to be eligible for suspension of deportation. On August 27, 2007, however, the Immigration Judge ("IJ") found that Petitioner's admitted absence from the United States in 1985–1986 served to break his physical presence, so that he did not meet the requirements of suspension of deportation. King–Lipsitt appealed the IJ's decision, which the BIA affirmed on November 3, 2005. Petitioner did not appeal that decision to our Court, and hence it is not before us for review.

On June 21, 2007, Petitioner filed a motion with the BIA to "reopen and/or reconsider" the denial of his application for suspension of deportation. In this motion, Petitioner argued, as he does here, that the IJ—by giving retroactive applicability to new immigration laws—had applied the wrong standard for suspension of deportation to his case, and that, had the IJ applied the correct standard, he would be eligible for relief. On July 24, 2007, the BIA denied this motion as untimely, and noted, in the alternative, that the IJ had in fact applied the correct standard for suspension of deportation. Petitioner now appeals this denial of his motion to reopen or reconsider. We assume the parties' familiarity with the additional underlying facts, procedural history of the case, and the issues raised on appeal.

As an initial matter, it is important to note that in the case of an alien, such as King–Lipsitt, who is ordered deported for commission of an aggravated felony and a controlled substance offense, this Court is limited in reviewing the petition to consideration of its own jurisdiction and to the review of constitutional issues and questions of law. 8 U.S.C. §§ 1252(a)(2)(C) and (D); *see Maiwand v. Gonzales,* 501

F.3d 101, 104 (2d Cir.2007). Because Petitioner did not appeal the BIA's initial determination that he was ineligible for suspension of deportation, we only review the BIA's order as to the motion for reopening and/or reconsideration.

The BIA denied King–Lipsitt's motion to reconsider and/or reopen because it was untimely. The BIA's decision affirming the IJ's order was entered on November 3, 2005. To be considered timely, a motion to reconsider would have been due December 3, 2005, thirty days after the original decision. 8 C.F.R. § 1003.2(b)(2). A motion to reopen would have been due February 1, 2006, ninety days after the decision. 8 C.F.R. § 1003.2(c)(2). Petitioner filed his motion on June 21, 2007, well past these deadlines. King–Lipsitt does not address the question of timeliness in his brief or argue that any exceptions to these time bars should apply. Given the manifest fact that Petitioner's motion was filed after the deadlines, the BIA did not commit legal or constitutional error in denying his motion as untimely. As a result, we do not have jurisdiction to review this appeal. Just as the BIA did, we note in passing that even if Petitioner's claim had been timely, and we had jurisdiction, his argument that the incorrect standard was applied to his application for suspension of deportation is without merit. *See* 8 U.S.C. § 1254(a)(2) (repealed 1996); *Tablie v. Gonzales,* 471 F.3d 60, 61–62 (2d Cir.2006); *Rojas–Reyes v. INS,* 235 F.3d 115, 120–21 (2d Cir.2000).

We have reviewed all of Petitioner's arguments and find that we lack jurisdiction to consider them. The petition for review is, therefore, DISMISSED.